IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| **LAWYERS FOR FAIR RECIPROCAL ADMISSION,** | No. 2:22-cv-01221-MWM |
| Plaintiff, | |
| v. | |
| **UNITED STATES, et al.,** | OPINION AND ORDER |
| Defendants. | |

**MOSMAN, J.,**

On August 17, 2022, Plaintiff filed a Motion to Transfer and Consolidate Related Cases [ECF 26]. Defendants filed their opposition on October 4, 2022 [ECF 30], to which Plaintiff replied on October 5, 2022 [ECF 31]. Upon reviewing the motion and subsequent briefing, I DENY Plaintiff's Motion.

**LEGAL STANDARD**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

1 – OPINION AND ORDER

Consolidation is proper if actions before the same court involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a). For cases in different district courts to be consolidated under Fed. R. Civ. P. 42, one case must first be transferred.

## BACKGROUND

On April 26, 2022, Plaintiff filed an action in the District of New Jersey challenging the bar admission rules in the Third Circuit. *Lawyers For Fair Reciprocal Admission v. United States, et al.*, No. 3:22-cv-02399-GAH-RAL (D.N.J. Apr. 26, 2022) (hereinafter "New Jersey case"). On July 21, 2022, Plaintiff filed suit in the District of Arizona challenging the bar admission rules in the Ninth Circuit. In each case, Plaintiff has sued judges within the Third and Ninth Circuits, respectively. On August 17, 2022, Plaintiff filed a motion to transfer and consolidate related cases both in this matter and the New Jersey case, which Defendants oppose.

## DISCUSSION

### I.     Transfer

Plaintiff argues that this matter should be transferred "in the interests of judicial economy" but does not cite authority in support of the motion to transfer. Mot. to Transfer and Consolidate [ECF 26] at 1. I analyze Plaintiff's motion under 28 U.S.C. § 1404(a) given that Plaintiff's arguments involve efficiency and convenience.

28 U.S.C. § 1404(a) allows a court to transfer an action to a district where the case might have been brought or to any district to which all parties have consented. Here, there is no mutual consent, as Defendants have clearly stated their opposition to transferring this case. Further, this matter could not be brought before the District of New Jersey because the court would lack personal jurisdiction over the federal judges cited in the Arizona matter. Transfer is not proper under 28 U.S.C. § 1404(a), and, therefore, I deny Plaintiff's Motion to Transfer.

2 – OPINION AND ORDER

## II.  Consolidation

Plaintiff seeks to consolidate this Arizona matter with the New Jersey case, which is improper under Fed. R. Civ. P. 42 because the matters are before different courts. First, as explained above, the Arizona matter will not be transferred to the District of New Jersey. Second, in the event that the case did transfer, the District of New Jersey would rule on the consolidation motion. Therefore, I deny Plaintiff's Motion to Consolidate.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Transfer and Consolidate Related Cases [ECF 26] is DENIED.

IT IS SO ORDERED.

DATED this ___9___ day of November, 2022.

_____
MICHAEL W. MOSMAN
Senior United States District Judge

3 – OPINION AND ORDER