IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| **LAWYERS FOR FAIR RECIPROCAL ADMISSION,** | No. 2:22-cv-01221-MWM |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **UNITED STATES OF AMERICA et al.,** | |
| Defendants. | |

**MOSMAN, J.,**

On January 22, 2023, Plaintiff filed a Motion for Recusal [ECF 44]. Defendants responded in opposition on February 6, 2023 [ECF 49], to which Plaintiff replied on February 9, 2023 [ECF 50]. Additionally, Plaintiff filed an Application for Disclosures Under 28 U.S.C. § 455 [ECF 18]. For the reasons discussed below, I DENY Plaintiff's Motion for Recusal and Application for Disclosures.

### DISCUSSION

**I.    28 U.S.C. § 144 and 28 U.S.C. § 455(a)**

28 U.S.C. § 144 addresses the bias or prejudice of a judge. When a party files a timely and sufficient affidavit stating that the judge has bias or prejudice against the filing party or in favor of

1 – OPINION AND ORDER

the adverse party, "such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . ." *Id.* Further, 28 U.S.C. § 455 governs the disqualification of a judge. Pursuant to the statute, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

"The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). "Ordinarily, the alleged bias must stem from an 'extrajudicial source.'" *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)). Further, "[a]n affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

Plaintiff's argument fails under 28 U.S.C. § 144 and 28 U.S.C. § 455(a) because Plaintiff has not pleaded facts alleging personal bias or prejudice. While the accompanying declarations of W. Peyton George and Joseph Robert Giannini state a "belief" of bias, they do not assert facts that meet the disqualification standard. For example, Plaintiff supports its argument by referring to earlier orders in which I denied Plaintiff's motions for leave to file oversized briefs. Giannini Decl. [ECF 44-2] ¶¶ 10–12. However, within limited exceptions not applicable here, the facts supporting a contention of bias must be from an extrajudicial, or out-of-court, source. Further, Plaintiff does not introduce facts that explain the connection between the claims pertaining to the licensing of

sister-state attorneys and my alleged partiality. *See* George Decl. [ECF 47] ¶ 5. Given the insufficiency of the facts outlined in the declarations, Plaintiff has not met the standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455(a).

### II.     28 U.S.C. § 455(b)(1)

In addition to the general standard found in 28 U.S.C. § 455(a), 28 U.S.C. § 455(b) lists several specific circumstances in which a judge must recuse himself. Under 28 U.S.C. § 455(b)(1), a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Here, the relevant evidentiary facts pertain to Plaintiff's claims challenging the bar admission local rules within the Ninth Circuit, focusing specifically on the District of Arizona's and Central District of California's rules. *See* Compl. [ECF 1] ¶¶ 11, 13–14. Plaintiff alleges the licensing schemes within the Ninth Circuit district courts categorically exclude certain out-of-state barred attorneys in good standing. *Id.* ¶ 11.

Like every judge, state or federal, in the United States, I have some general familiarity with bar admission rules. But I have no personal knowledge of the particular facts here regarding Plaintiff's allegations of constitutional violations stemming from the admission rules of other district courts in the Ninth Circuit. Given my lack of personal knowledge and Plaintiff's failure to put forth evidence of personal bias or prejudice, Plaintiff's argument fails under 28 U.S.C. § 455(b)(1).

### III.    28 U.S.C. § 455(b)(3)

Under 28 U.S.C. § 455(b)(3), a judge shall disqualify himself "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in

3 – OPINION AND ORDER

controversy." Plaintiff argues that my previous position as Chief Judge of the District of Oregon justifies mandatory recusal.

Plaintiff has alleged nothing that would satisfy this subsection. Indeed, Plaintiff has not alleged any relevant facts on any of these arguments. This brings us to the Application for Disclosures.

**IV.     Application for Disclosures**

In the absence of any facts supporting its motion, Plaintiff filed an Application for Disclosures, which reads like an Interrogatory or even a Request for Admission. This fundamentally misunderstands the process and our respective roles. Neither 28 U.S.C. § 144 nor 28 U.S.C. § 455 provides for such an avenue. As such, I deny Plaintiff's Application for Disclosures.

**CONCLUSION**

For the reasons discussed above, Plaintiff's Motion for Recusal [ECF 44] and Application for Disclosures [ECF 18] are DENIED.

IT IS SO ORDERED.

DATED this 3d day of May, 2023.

MICHAEL W. MOSMAN
Senior United States District Judge

4 – OPINION AND ORDER