IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| **LAWYERS FOR FAIR RECIPROCAL ADMISSION,** | No. 2:22-cv-01221-MWM |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **UNITED STATES OF AMERICA et al.,** | |
| Defendants. | |

MOSMAN, J.,

    LFRA's Complaint challenges "the categorical bar admission local rules in the Ninth Circuit for experienced sister-state attorneys in good standing." Am. Compl. [ECF 64] ¶ 23. Each district court in the Ninth Circuit has a local rule requiring an attorney admitted to practice in district court to be a member in good standing of the state bar of the forum state (collectively, "Admission Rules"). On September 14, 2023, Defendant the United States filed a Motion to Dismiss [ECF 79]. Plaintiff Lawyers for Fair Reciprocal Admission ("LFRA") responded in opposition on December 1, 2023 [ECF 87], to which the United States replied on December 15, 2024 [ECF 88]. For the reasons discussed below, I GRANT the United States' Motion to Dismiss.

1 – OPINION AND ORDER

## STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Once a party has moved to dismiss for lack of subject matter jurisdiction, the plaintiff "bears the burden to establish subject matter jurisdiction by a preponderance of the evidence." *United States ex rel Mateski v. Raytheon Co.*, 816 F.3d 565, 569 (9th Cir. 2016).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While the plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

Review on a motion to dismiss is normally limited to the complaint itself. If the court relies on materials outside the pleadings to make its ruling, it must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d); *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1207 (D. Nev. 2009) (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). But the court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908; *see also Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

2 – OPINION AND ORDER

## DISCUSSION

### I.     Standing

The United States first argues that LFRA lacks standing because LFRA has not demonstrated that any of its members has suffered any actual harm. Mot. to Dismiss [ECF 79] at 4. LFRA is an organization that includes members who are lawyers in states other than California and Arizona. Am. Compl. [ECF 64] ¶ 47.

To establish associational standing, LFRA must show that (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. Cal. Dep't of Transp.*, 713 F.3d 1187, 1194 (9th Cir. 2013). The interests LFRA seeks to protect here are directly related to its purpose and the claims asserted do not require the participation of individual members, so the only issue is whether LFRA has met the first element of associational standing. To establish the first element that a member has standing to sue in their own right, LFRA "must show that a member suffers an injury-in-fact that is traceable to the defendant and likely to be redressed by a favorable decision." *Id.*

In *General Contractors*, the court held that the plaintiff failed to establish associational standing because it did not identify any affected members by name or submit declarations by any of its members attesting to harm they had suffered or would suffer. 713 F.3d at 1194–95. This case is distinguishable because this is a motion to dismiss. At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Here, LFRA alleges that its membership includes lawyers barred in states that lack reciprocity with California and Arizona. *See* Am. Compl. [ECF 64] ¶ 47.

3 – OPINION AND ORDER

Those members suffer a cognizable injury because there is a barrier to their admission to other district courts' bars. *See Laws. for Fair Reciprocal Admission*, No. 22-2399, 2023 WL 145530, at *4 (D.N.J. Jan. 10, 2023). A favorable decision could redress this injury.

I hold that at this stage, LFRA has pled standing sufficient to survive a motion to dismiss.

## II.     Claim 1: Separation of Powers

In Claim 1 LFRA alleges that the Admission Rules violate the separation of powers doctrine because states cannot exercise federal legislative power, cannot exercise Article III powers, and cannot govern bar admission in other states or in federal courts. Am. Compl. [ECF 64] ¶¶ 128–38. However, states do not exercise federal powers when they govern state bar admission. District courts have authority to make rules respecting the admission of attorneys in federal courts. *Gallo v. U.S. Dist. Court for Dist. of Ariz.*, 349 F.3d 1169, 1179–80 (9th Cir. 2003); *see also* 28 U.S.C. § 2071(a). District courts generally require membership in good standing in the respective state bar. LFRA does not provide support for the existence of any theory that district courts' reliance on state bar rules converts the state bar rules into federal action.

The United States focuses its argument on the non-delegation doctrine, arguing that there is no delegation where district courts are merely choosing to use admission to the state bar as a criterion for admission to district court bars. Mot. to Dismiss [ECF 79] at 6. To the extent that LFRA invokes the non-delegation doctrine, I find that there is no delegation here. LFRA also mentions that states have no extraterritorial power to govern bar admission in other states—I find that local bar admission rules, even if they influence whom clients may choose as their counsel, cannot be characterized as exerting extraterritorial power.

4 – OPINION AND ORDER

### III. Claim 2: First Amendment

In Claim 2 LFRA alleges that the Admission Rules violate the First Amendment under the following theories: violation of petition clause and prior restraint, viewpoint discrimination, speaker discrimination, content discrimination, and right to association. Am. Compl. [ECF 64] ¶¶ 139–64. The United States argues that these arguments have already been rejected by other courts. Mot. to Dismiss [ECF 79] at 7 (citing *Thaw v. Lynch*, No. 2:15-CV-01703 JWS, 2016 WL 1045527 (D. Ariz. Mar. 16, 2016)).

In *Thaw v. Lynch*, the court explained that the Ninth Circuit considers "bar admission restrictions to be time, place, and manner restrictions on speech." 2016 WL 1045527, at *6 (quoting *Nat'l Ass'n for the Advancement of Multijurisdiction Practice v. Berch*, 773 F.3d 1037, 1047 (9th Cir. 2014)). Time, place, and manner restrictions are reasonable when (1) they "are justified without reference to the content of the regulated speech"; (2) "they are narrowly tailored to serve a significant governmental interest"; and (3) "they leave open ample alternative channels for communication of the information." *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 611 (9th Cir. 2005). Here, bar admission rules are content-neutral, are narrowly tailored to serve the courts' interests,[1] and leave open alternative channels of communication. This undercuts LFRA's content discrimination claim. LFRA's viewpoint and speaker discrimination claims similarly fail because the Admission Rules are neutral as to viewpoint and speaker.

The First Amendment protects the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. LFRA argues that the Admissions Rules impose a prior restraint on the right to petition the government and are subject to strict scrutiny. Am. Compl. [ECF 64]

---

[1] Courts and states have a substantial interest in regulating the practice of law. *Berch*, 773 F.3d at 1047; *Mothershed*, 410 F.3d at 611.

5 – OPINION AND ORDER

¶¶ 144–49. The *Thaw v. Lynch* court rejected an identical argument, holding that a local admissions rule "does not deny Plaintiffs meaningful access to the courts because they may practice before the Arizona District Court so long as they follow the procedures outlined in that rule." 2016 WL 1045527, at *7, *aff'd sub nom. Thaw v. Sessions*, 712 F. App'x 604 (9th Cir. 2017). I likewise find that the Admission Rules do not deprive LFRA members of their right to petition because they can practice before the courts in which they are admitted and can access federal courts by following available procedures under the Admission Rules.

LFRA includes a claim that the Admission Rules violate the right of free association in two ways—by depriving its members of the right to freely associate, and by compelling association. Am. Compl. [ECF 64] ¶¶ 156–64. The First Amendment prevents states from excluding a person from a profession or punishing them solely because they are a member of a particular political organization or because they hold certain beliefs. *Baird v. State Bar of Ariz.*, 401 U.S. 1, 6 (1971). Here, the Admission Rules do not exclude LFRA members from district court bar membership based on their beliefs or membership in a particular political organization. *See Thaw v. Lynch*, 2016 WL 1045527, at *7. Furthermore, in *Berch*, the court held that the presence of alternative means for gaining membership in the Arizona bar "significantly decreases any obstacles to the freedom to associate," and anyway, "Arizona attorneys and non-Arizona attorneys are free to associate with attorneys who are members of the bars of other states." 773 F.3d at 1047–48. I find that LFRA has not sufficiently pled a claim for violation of the right of free association.

Accordingly, I hold that LFRA has not sufficiently pleaded any First Amendment claim because the Admission Rules are neutral and do not prevent attorneys from petitioning the government or freely associating.

### IV.     Claim 3: Sixth Amendment Right to Counsel

In Claim 3 LFRA alleges that the Admission Rules violate the Sixth Amendment right to counsel because they constrain clients' choice of attorney. Am. Compl. [ECF 64] ¶¶ 165–68. The United States argues that the right to counsel applies only to criminal defendants and the Admission Rules apply only to civil matters. Mot. to Dismiss [ECF 79] at 11. The United States also argues that LFRA has not demonstrated that any of its members have been denied counsel in a criminal case, so it lacks standing to bring this claim. *Id.* LFRA does not directly respond to these arguments. *See* Pl.'s Resp. [ECF 87]. Instead, LFRA reasserts its argument that the Admission Rules force citizens sued in another state to hire a second lawyer "or forfeit their right to counsel." *Id.* at 42.

I dismiss this claim on standing grounds. The Sixth Amendment right to counsel protects defendants, not attorneys. U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . ."). LFRA's Complaint fails to allege that its members have suffered injury under the right to counsel.

### V.     Claims 4, 5, and 7: 28 U.S.C. §§ 332(d)(4), 1738, 2071–2072

Claims 4, 5, and 7 allege that the Admission Rules violate various statutes. In Claim 4, LFRA alleges that the Admission Rules violate 28 U.S.C. § 1738, the Full Faith and Credit Act. Am. Compl. [ECF 64] ¶¶ 169–76. The United States responds that bar admission rules do not fail to give full credit to other states because when a state admits an attorney, it is not saying that the attorney is qualified to practice in any other state. Mot. to Dismiss [ECF 79] at 12. The United States also cites *Thaw v. Sessions*, in which the court explained that "the predicate for a full faith and credit claim is an act, record, or judicial proceeding of some state that establishes appellants' entitlement to practice law in the forum state." 712 F. App'x 604, 606 (9th Cir. 2017).

7 – OPINION AND ORDER

Here, LFRA has not pled that any state bar established its members' qualification to practice law in a different state. 28 U.S.C. § 1738 does not apply here where no outside state has qualified LFRA members to practice in another state.

In Claims 5 and 7 LFRA alleges that the Admission Rules violate 28 U.S.C. § 332(d)(4), the statutory rules for the U.S. Courts of Appeals judicial council, and 28 U.S.C. § 2071–2072, the Rules Enabling Act. Am. Compl. [ECF 64] ¶¶ 177–79, 186–95. LFRA argues that the Admission Rules are inconsistent with federal rules. The judicial council of each circuit is required to "periodically review the rules which are prescribed under section 2071 of this title by district courts within its circuit for consistency with rules prescribed under section 2072 of this title" and may "modify or abrogate any such rule found inconsistent." 28 U.S.C. § 332(d)(4).

The United States argues that LFRA does not identify any conflict between the Admission Rules and 28 U.S.C. § 2702, so LFRA has failed to state a claim. Mot. to Dismiss [ECF 79] at 12–13. LFRA responds that 28 U.S.C. § 332(d)(4) subjects rules promulgated by the courts to a standard of review stricter than strict scrutiny. Pl.'s Resp. [ECF 87] at 16–17. This does not cure the problem the United States pointed out. The United States also argues that in *Thaw v. Sessions*, the Ninth Circuit did not find Arizona's admission rule to be contrary to federal rules under § 2071, and other bar admission rules are substantially the same. *See Thaw v. Sessions*, 712 F. App'x at 605.

I dismiss Claims 5 and 7 because LFRA does not allege any inconsistency that the judicial council should have reviewed under 28 U.S.C. § 332(d)(4) and because the Admission Rules are not contrary to other federal rules.

8 – OPINION AND ORDER

### VI.  Claim 6: Federal Rules of Civil Procedure

In Claim 6 LFRA alleges that the Admission Rules violate FRCP 83(a)(1) because they are inconsistent with other federal rules. The United States argues that this claim fails because the Federal Rules of Civil Procedure do not create any substantive right. Mot. to Dismiss [ECF 79] at 23 (citing *Synanon Church v. United States*, 557 F. Supp. 1329, 1330 n.2 (D.D.C. 1983)). I agree with Defendants—the Federal Rules of Civil Procedure are procedural in nature and do not create substantive rights in the way that LFRA describes. This claim therefore fails.

### VII.  Claim 8: Fifth and Fourteenth Amendments

In Claim 8 LFRA alleges that the Admission Rules violate the Fifth and Fourteenth Amendments because they discriminate against individuals on the basis of which state they are or are not licensed in. This claim fails because the right to practice law is not a fundamental right, one's state of admission is not a protected class, and the rules survive rational basis scrutiny. *See Giannini v. Real*, 911 F.2d 359, 357 (9th Cir. 1990).

### VIII.  Claim 9: Privileges and Immunities

In Claim 9 LFRA alleges that the Admission Rules violate the Privileges and Immunities Clause because they restrict an attorney's opportunity to practice law outside of their home state, discriminating against out-of-state attorneys. The United States argues that the Privileges and Immunities Clause applies only to actions taken by states and the Admission Rules do not impose residency requirements. *See Russell v. Hug*, 275 F.3d 812, 822 (9th Cir. 2002). LFRA does not directly respond to this argument. I find that this claim fails because the Admission Rules are not state actions and they do not impose residency requirements.

9 – OPINION AND ORDER

### IX.   Claim 10: Fifth Amendment Due Process

In Claim 10 LFRA alleges that the Admission Rules violate Fifth Amendment Due Process because they deprive licensed lawyers of procedural due process. This claim fails because the right to practice law is not a fundamental right. *Giannini*, 911 F.2d at 359. LFRA argues that plaintiffs have a fundamental right to choose their counsel but cites no authority to support this argument. LFRA does not adequately establish that the right to select one's counsel should be regarded as a fundamental right.

LFRA also alleges that federal judges cannot be neutral under 28 U.S.C. § 455 where licensing rules are concerned. The United States argues that this case was assigned to a judge from outside the forum who is not named in the action, so LFRA is unable to show that a reasonable person would question my impartiality. *See United States v. Winston*, 613 F.3d 221, 222 (9th Cir. 1980). LFRA does not directly respond. This sub-claim fails because LFRA failed to plead facts alleging personal bias or prejudice. *See United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

### CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss [ECF 79] is GRANTED. Plaintiff's complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 7th day of March, 2024.

MICHAEL W. MOSMAN
Senior United States District Judge